UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUCE A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06-CV-1805 (CEJ) |
| ) | |
| MIDCOAST AVIATION, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Midcoast Aviation's motion for attorneys' fees pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), 28 U.S.C. § 1927, and Fed.R.Civ.P. 54. Plaintiff Bruce Johnson opposes the motion, and the issues are fully briefed.

In his amended complaint, plaintiff asserted claims under Title VII, contending that defendant created a hostile working environment, failed to accommodate plaintiff's religious beliefs, and wrongfully terminated plaintiff's employment because of those beliefs. On August 6, 2008, the Court granted summary judgment in favor of defendant on all counts. Plaintiff did not oppose defendant's bill of costs, and costs in the amount of $2,150.53 were taxed against plaintiff on September 4, 2008. Defendant now seeks an award of attorneys' fees, estimated to be between $190,000.00 and $230,000.00, pursuant to 42 U.S.C. § 2000e-5(k). Defendant contends that plaintiff's attorneys unreasonably and vexatiously lengthened these proceedings and also seeks an order under 28 U.S.C. § 1927 requiring plaintiff's counsel to personally satisfy the excess costs caused by their conduct.

In a Title VII action, the Court may, in its discretion, "allow the prevailing party...a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). "[T]he Supreme Court has distinguished between prevailing Title VII plaintiffs and prevailing Title VII defendants." Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994)(citing Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975)). "[M]ore rigorous standards apply for fee awards to prevailing defendants than to prevailing plaintiffs." Davis v. City of Charleston, 917 F.2d 1502, 1504 (8th Cir. 1990). In order to grant attorneys' fees to a prevailing defendant under Title VII, the Court must find "that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

Defendant contends that a fee award is appropriate in this matter for several reasons. First, defendant notes that plaintiff's original complaint sought relief under 42 U.S.C. § 1983, despite the absence of any information or evidence that defendant was a "state actor," a prerequisite for liability under that statute. Defendant responded to the complaint with a motion to dismiss on that ground. In lieu of dismissal, plaintiff requested leave of court to file an amended complaint. Defendant suggests that a minimal amount of research on the part of plaintiff's counsel prior to filing the original complaint would have made it unnecessary for defendant to incur the expense of filing a motion to dismiss. Defendant also claims that the amended complaint was equally frivolous, noting that

the Court found that plaintiff had failed to satisfy the prima facie case for any of his claims. Defendant also notes that e-mail evidence, written by plaintiff himself, showed that plaintiff subjectively believed that his work difficulties and the termination of his employment resulted from his training philosophy, which conflicted with that of management, and not from any discrimination due to his religious beliefs.

Upon consideration, the Court finds that, although plaintiff's claims in his amended complaint were ultimately unsuccessful, they did not rise to the extreme level of "frivolous, unreasonable, or groundless". In his hostile environment claim, plaintiff showed that he was a member of a protected group and that he was, allegedly, subject to unwelcome harassment. Plaintiff's claim failed because he was unable to show that the harassment rose to the level required to create a hostile working environment. Although plaintiff was not able to establish a prima facie case, the claim was nonetheless based upon more than pure speculation. Similarly, in regard to his failure to accommodate claim, plaintiff did adequately show that he possessed a bona fide religious belief and that his employer was informed of that belief. The Court cannot say that plaintiff's claims in the amended complaint were "groundless" or "unreasonable".

However, the Court agrees that plaintiff's 42 U.S.C. § 1983 claim in his original complaint was groundless and without legal merit, as there was no legal basis for it in the absence of evidence that defendant was a state actor. It is unclear whether plaintiff erroneously believed that defendant was a state actor, or whether plaintiff simply did not understand that this was a requirement of a

§ 1983 claim. In either event, plaintiff filed an amended complaint dropping the defective claim after defendant's motion to dismiss alerted plaintiff of the deficiency. However, the Court doubts that the motion to dismiss on this basis required more than minimal legal research or effort on the part of defendant, and given that plaintiff corrected his error in the amended complaint, the Court will exercise its discretion under 42 U.S.C. § 2000e-5(k) and deny an award of attorneys' fees.

Because the Court declines to grant attorneys' fees under Title VII, the Court must also deny defendant's request under 28 U.S.C. § 1927 for an order requiring plaintiff's counsel to satisfy the fee award. As a result, plaintiff's request for a hearing on the § 1927 issue is also denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#75] for attorneys' fees is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion [#78] for a hearing is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2008.